**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| KENTER E. LACET,<br>           Plaintiff,<br><br>v.<br><br><br>FREMONT INVESTMENT & LOAN,<br>FREMONT GENERAL CORPORATION,<br>LITTON LOAN SERVICING, LP<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 1:08-cv-11611<br><br>**PLAINTIFF'S MEMORANDUM<br>IN SUPPORT OF HIS MOTION TO<br>VACATE JUDGMENT OF DISMISSAL<br>PURSUANT TO FED.R.CIV.P. 60(b)** |

**NOW COME** the Plaintiff, Kenter E. Lacet, ("Plaintiffs"), and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 60(b)(1) and (6) to vacate the judgment of dismissal entered on January 23, 2009. As grounds therefor, Plaintiff states the following:

## BACKGROUND

On or about September 12, 2008, Plaintiff originally filed this case in Suffolk Superior Court in Boston, Massachusetts. In it he alleges that the Defendants, Fremont Investment & Loan and Litton Loan Servicing, LP (collectively, the "Defendants"), undertook certain illegal, unfair, unlawful, and deceptive business practices in servicing his mortgage. On September 19, 2008, the Defendants' counsel petitioned to remove this action to this Court, and on September 22, 2008, the case was so removed.

On November 19, 2008, Plaintiff counsel and counsel for the Defendants appeared before the Honorable Rya W. Zobel for a Scheduling Conference. At that time Judge Zobel ordered the parties to exchange certain documents relating to Plaintiff's mortgage within two weeks, and thereafter continued the Scheduling Conference until January 22, 2009 at 2:00 p.m. Following the November 19th proceeding both Plaintiff and each of the Defendants exchanged certain

documents relating to Plaintiff's mortgage within the two week time limit imposed by Judge Zobel.

Plaintiff's counsel also intended to appear before Judge Zobel on January 22nd to continue the Scheduling Conference. In the late evening of Tuesday, January 20, 2009, however, Plaintiff's counsel's father passed away. Consequently, Plaintiff's counsel unexpectedly became obligated to make final wake and burial arrangements for his father - and in so doing inadvertently failed to appear before Judge Zobel on January 22nd. As a result of Plaintiff's counsel's failure to appear at that scheduling conference, Deputy Clerk Lisa A. Urso dismissed this case for lack of prosecution and on Fed.Civ.Rule 37.

The dismissal of this action was solely the result of Plaintiff's counsel's inadvertent failure to appear on January 22nd for the continuation of Judge Zobel's scheduling conference. There has been no delay or prejudice caused by Plaintiff's counsel's error. Rather, Plaintiff's counsel became aware of his absence on January 23rd and immediately emailed each of the Defendants' counsel to apologize for his failure to appear and request their assent to place the case back on the court's active docket.

## ARGUMENT

I. **UNDER THE CIRCUMSTANCES PLAINTIFF'S COUNSEL'S FAILURE TO APPEAR AT THE CONTINUATION OF THE SCHEDULING CONFERENCE CONSTITUTES ADEQUATE GROUNDS TO RELIEVE PLAINTIFF FROM THE ENTRY OF FINAL JUDGMENT IN THIS MATTER.**

Plaintiff is entitled to this Court's entry of an order relieving him from the operation of the final judgment in this instance because his attorney's failure to appear at the continuation of the Scheduling Conference was the result of mistake, inadvertence or excusable neglect. On motion and upon such terms as are just, the court may relieve a party or his legal representative

from a final judgment, order, or proceeding because of mistake, inadvertence, surprise, or excusable neglect, or for any other reason justifying relief from the operation of the judgment. *See* Fed.R.Civ.P. 60(b)(1) and (6). A motion under Rule 60 is addressed to the trial judge's judicial discretion. *Id.*

Here, the dismissal of Plaintiff's case was due entirely to his counsel's failure to appear at the continuation of the November 19th Scheduling Conference. His absence at that proceeding, however, was inadvertent and excusable given the fact that he was attending to final wake and burial arrangements following the unexpected death of his father. The presumption in law is that a matter should be resolved on its merits and not as a result of negligence, inadvertence or mistake, and most particularly error on the part of counsel. As the dismissal in this instance was entered because of an error by his counsel, this is precisely the type of mistake, inadvertence, or excusable neglect that justifies this Court in relieving Plaintiff from the operation of judgment in this case.

## **CONCLUSION**

For the forgoing reasons, Plaintiff's Motion to Vacate the Court's Judgment of Dismissal should be granted and this case restored to the Court's active docket.

Respectfully Submitted,
Kenter E. Lacet,
by his attorney,

/s/ *Matthew J. Dunn*_____
Matthew J. Dunn, BBO# 654041
The Dunn Law Group
15 Broad Street, Suite 512
Boston, MA  02109
(617) 725-0033

## CERTIFICATE OF SERVICE

      I hereby certify that Plaintiff's Memorandum in Support of his Motion to Vacate Judgment of Dismissal Pursuant to Fed.R.Civ.P. 60(b) was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 26, 2009.

                                                /s/ Matthew J. Dunn
                                                Matthew J. Dunn